## TYLER v. MARINE MIDLAND TRUST CO. OF NEW YORK.

### No. 251.

Circuit Court of Appeals, Second Circuit.

June 8, 1942.

Edgar E. Harrison, of New York City (Van Vorst, Siegel & Smith, of New York City, on the brief), for appellant.

John F. Dooling, Jr., of New York City (Sullivan & Cromwell and James B. Hoffman, all of New York City, on the brief), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The questions for decision in this case are whether a creditor holding an unmatured note may exercise a right of setoff while the debtor is in a proceeding for an arrangement, Bankruptcy Act, Chapter XI, 11 U.S.C.A. § 701 et seq., and if so, whether the validity of the setoff is affected by a dismissal of this proceeding followed immediately by a proceeding for reorganization, Bankruptcy Act, Chapter X, 11 U.S.C.A. § 501 et seq. Both the referee and the judge below upheld the creditor on these questions, and the debtor's trustee appeals. We believe the rulings below to be correct.

The facts are not in dispute before us. The Marine Midland Trust Company of New York lent $95,000 to the debtor, Ulen & Company, on a promissory note executed on August 16, 1939, and due on June 15, 1940. From October, 1939, on, the debtor was insolvent, a fact which the trust company knew. On February 16, 1940, the debtor filed a petition for an arrangement under Chapter XI, the proposed plan of which did not affect the obligation of the trust company. On May 27, 1940, the trust company set off against the unmatured note a deposit account in the sum of $31,198.62. This account was bona fide, and not built up for the purpose of enabling the bank to effect a preference. As a result of Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S.

434, 60 S.Ct. 1044, 84 L.Ed. 1293, decided on May 27, 1940, the same day the trust company exercised its purported right of setoff, it was necessary for the debtor to discontinue the Chapter XI proceeding. It was in the same position as the debtor in the United States Realty case; and since the debtor there had been held not entitled to proceed under Chapter XI, the debtor here requested dismissal of its proceeding. This was done on June 14, 1940, and on the same day the debtor filed a petition under Chapter X. In the new proceeding the trust company filed a proof of claim for its note minus the setoff. The trustee objected to allowance of the claim unless the setoff were surrendered pursuant to § 57, sub. g, 11 U.S.C.A. § 93, sub. g. It is from the overruling of this objection below that the trustee here appeals.

 In ordinary bankruptcy, a bank may ordinarily set off a deposit against even an unmatured indebtedness if it is done after the petition is filed and without fraud or collusion for purposes of effecting a preference. New York County Nat. Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Studley v. Boylston Nat. Bank of Boston, 229 U.S. 523, 33 S.Ct. 806, 57 L. Ed. 1313. Stated in terms of the Bankruptcy Act, § 68, 11 U.S.C.A. § 108, allows a setoff of all mutual debts and credits, provided the credits are provable and not subject to disallowance under § 57, sub. g, 11 U.S.C.A. § 93, sub. g, because of a preference. Under § 63, sub. a(1), 11 U.S.C.A. § 103, sub. a(1), the trust company had a provable claim. Therefore, were this ordinary bankruptcy, no question of the propriety of the setoff would arise.

The question then becomes whether a different rule obtains because the debtor has proceeded under Chapter XI. In general, § 302, 11 U.S.C.A. § 702, makes the ordinary bankruptcy sections applicable "insofar as they are not inconsistent with or in conflict with the provisions of this chapter." No argument has been advanced that there is any inconsistency or conflict, nor have we found any reasons for inconsistency. The trustee asserts, however, that no right of setoff existed, because, so far as the trust company was concerned, the Chapter XI proceeding did not exist. It was not affected by the plan proposed, and, therefore, the trustee argues, had no more right to set off than it would have, had no proceeding existed. If this were true, the argument continues, the attempted setoff of an un-

matured claim would be a preference under the rule stated in Wright v. Seaboard Steel & Manganese Corp., 2 Cir., 272 F. 807, and Fifth Nat. Bank of City of New York v. Lyttle, 2 Cir., 250 F. 361, certiorari denied 247 U.S. 506, 38 S.Ct. 427, 62 L.Ed. 1240, which denied a right of setoff against an unmatured claim during the four months prior to bankruptcy.

If the Chapter XI proceeding were still pending and this question were raised within it, it is difficult to see how the trustee's argument could succeed. Nothing in Chapter XI indicates that § 68 and the right of setoff are inapplicable. Of course, the trustee can point to Lowden v. Northwestern Nat. Bank & Trust Co., 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114, as showing that a reorganization proceeding differs from an ordinary bankruptcy liquidation. But that case hardly goes so far as completely to deny application of the usual rule. It stated only that in some circumstances the rule in reorganization would have to be different. Indeed, that case itself showed an instance where the ordinary rule might be inequitable, for there a bank sought to set off an ordinary deposit against some unmatured bonds that it had bought on the open market. See the subsequent decision, 8 Cir., 84 F.2d 847. There is considerable difference between that situation and this one, which represents a usual commercial loan, possibly also accompanied by the usual understanding that a deposit account will be maintained.

The trustee argues, however, that the rule of setoff is inapplicable here, because the trust company was not included in the arrangement. The trouble is that the trust company might have become affected if the debtor sought to amend its original plan. If the right of setoff of deposit against a commercial loan is ordinarily absolute, it can hardly be defeated by fast action of the debtor. For example, if the omission of the bank's claim from the plan prevented a setoff, the debtor could immediately draw out all the money in the account, then file an amended plan including the bank, and thus defeat the setoff.

Furthermore, it is not clear just how the problem would arise in a pending Chapter XI proceeding. Certainly there could not be a preference after the proceedings began. An attempted setoff would, if erroneous, be an unauthorized appropriation of the debtor's property in the custody of the court. A hearing on the propriety of the

setoff would be in such terms; and questions of the likelihood of acceptance of the plan, changes in the plan affecting the creditor, or the likelihood of adjudication in bankruptcy would be raised. If there were any reason to believe that eventually the creditor could make use of a setoff, a court would undoubtedly hold that it was proper to anticipate the situation by immediate setoff. Here, the trust company knew on May 27, 1940, that the United States Realty case made it fairly certain that some different debtor proceeding would follow soon, and that its unmatured note would *be affected. This would have been reason enough for allowing the setoff.

Even though the setoff be held justified in the Chapter XI proceeding, the trustee argues, the dismissal of that proceeding and institution of a Chapter X proceeding destroys the effectiveness of the setoff and creates a preference. The argument runs that upon dismissal the Chapter XI proceeding was wiped out, and that consequently anything occurring within four months of the date of the new Chapter X proceeding would be subject to the usual rules for preferences. To bulwark this argument, it is noted that a petition can be filed in Chapter X pursuant to either § 127 or § 128, 11 U.S.C.A. §§ 527, 528. The former covers petitions filed in pending bankruptcy proceedings; the latter covers original petitions. Here the Chapter X proceeding was filed under § 128.

The difficulty with this argument by the trustee is that Chapter XI has no complementary provision specifically allowing transfer to Chapter X. Under § 376, 11 U.S.C.A. § 776, which provides for dismissal, the court either directs that the original bankruptcy proceeding out of which the Chapter XI proceeding arose be continued, or directs that the Chapter XI proceeding be converted into a bankruptcy proceeding or dismissed, whichever is in the best interests of the creditors. Nothing is said about transfer to Chapter X. Apparently no one seems to have thought of the possibility of such transfer prior to the United States Realty case; and in the manner of that case, we must fill in the inadvertent gaps left in the statute. Although the trustee ar-

gues that the proceedings involved here are separate and distinct, he seems to assume that the Chapter X proceeding could have been filed under § 127. Such an assumption entails reading "pending bankruptcy proceeding" in the broad sense of any debtor proceeding under the Chandler Act, and not just in ordinary bankruptcy. Obviously the objection to be made against this reading is based upon the question whether the drafters assumed that anyone would ever switch from Chapter XI to Chapter X proceedings.

■ It is clear, however, that there ought to be some way to preserve continuity. For example, voidable preferences would be lost unless there were continuity, so that the effective date would be that of the filing of the original petition. Continuity could certainly be preserved by first dismissing pursuant to § 376(2), 11 U.S.C.A. § 776(2), directing that the debtor be adjudged a bankrupt and then permitting a Chapter X proceeding to be filed in a "pending bankruptcy proceeding" pursuant to § 127.[1] If two steps will preserve continuity, it is foolish to deny a transfer in one step. As has been frequently pointed out, a court of bankruptcy is a court of equity, Securities and Exchange Commission v. United States Realty & Improvement Co., supra; Pepper v. Litton, 308 U. S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed 1230, 93 A.L.R. 195; and as a court of equity, the bankruptcy court should be free to alter the form of relief without formal dismissal and refiling, accompanied by possible effects on the status of the debtor and its creditors.

■ It should be noted, however, that under § 376(2), there is power to transfer to ordinary bankruptcy or dismiss according to the best interests of the creditors. Without attempting to define the rather broad discretion thus apparently granted, we can admit that there may be some occasions when transfer from Chapter XI to Chapter X proceedings should be made— i. e., when "the best interests of the creditors" so require—by dismissal and original filing for the very purpose of preventing continuity. An example might be an in-

---

[1] There is one situation where this might not be possible. Under § 323, 11 U.S.C.A. § 723, a debtor may be only unable to pay its debts as they mature, not insolvent in the bankruptcy sense; and thus, unless it wished voluntarily to file under § 4, 11 U.S.C.A. § 22, no adjudication might be possible under § 3, sub. c, 11 U.S.C.A. § 21, sub. c, if insolvency were successfully disproved. This is sufficiently unlikely, however, as to be of little practical importance.

stance where the debtor acquired property after the filing of the Chapter XI petition, which property would not come under the control of a trustee taking title as of the date of the original petition pursuant to § 70, sub. a, 11 U.S.C.A. § 110, sub. a. See 8 Collier on Bankruptcy, 14th Ed. 1941, 1387.

The argument may be made that this very possibility of purposive dismissal requires a finding that continuity was broken in the case before us, and that the court so intended. We have pointed out, however, that there has undoubtedly been doubt in the past as to the correct procedure for shifting from Chapter XI to Chapter X proceedings. Under the circumstances of the action taken in this case, especially the fact that dismissal and institution of a new proceeding were practically simultaneous and the fact that there is no indication that there was any reason other than the decision in the United States Realty case for the dismissal, the fair assumption is that continuity of proceedings was intended. It would be highly inequitable to accord great significance to what was evidently a spur-of-the-moment disposition. As a court of equity with full power in the proof and allowance of claims, Pepper v. Litton, supra, we cannot declare this setoff a preference because of the somewhat makeshift method of correcting the error made manifest by the United States Realty case.

Affirmed.