**FIRST NATIONAL BANK IN FORT LAUDERDALE, Appellant,**

v.

**William H. DAVIS, as Trustee of the Estate of Broward Electric Service, Inc., Bankrupt, Appellee.**

No. 20042.

United States Court of Appeals Fifth Circuit.

May 22, 1963.

William P. Owen, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for appellant.

David E. Maurer, Maurer, Maurer & Maurer, Fort Lauderdale, Fla., for appellee William H. Davis, as trustee.

Before RIVES, LEWIS*, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Broward Electric Service, Inc. was indebted to appellant bank on an unsecured monthly installment note dated June 10, 1959. Regular payments were made for July, August, and September by charging the deposit account of Broward in the bank pursuant to agreement.

On September 14, 1959 Broward filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. 11 U.S. C.A. §§ 701 et seq. At the time of filing, the balance due on the note was $5,564.-98, and Broward had $4,307.41 in its bank account. The bank was entitled to a set-off in the amount of the account on that day but failed to exercise the right. § 68(a), The Bankruptcy Act, 11 U.S. C.A. § 108(a). See McKee v. Hood, 5 Cir., 1963, 312 F.2d 394, and cases therein cited on the right of set-off. And the same rule applies in Chapter XI proceedings. Tyler v. Marine Midland Trust of New York, 2 Cir., 1942, 128 F. 2d 927.

Broward remained in charge of its property and continued to operate. Instead of setting off the sum on deposit

---

* Of the Tenth Circuit, sitting by designation.

against the account due it, the bank continued to do business in the regular manner with Broward, paying out all sums in the deposit account in the usual course of business, plus other sums deposited after the filing of the petition for arrangement. Thereafter, and monthly, the bank deducted the unpaid installments on the note as they became due.

On September 20, 1960, a little more than a year after having filed the petition for arrangement, and after the bank had collected the entire balance due on the note, Broward was adjudicated a bankrupt. The trustee here successfully sought a turn-over from the bank of all sums collected after the date when the sums on deposit on the filing date, and which might have been set off, had been paid out, less a credit to the bank in the amount to which it was entitled as a general creditor. The District Court affirmed the action of the Referee in ordering the turnover, and this appeal followed.

Reed v. Barnett National Bank of Jacksonville, 5 Cir., 1918, 250 F. 983, an involuntary bankruptcy proceeding, gave effect to the first in-first out rule, and made it clear that a bank has no right of set-off against funds deposited after the filing date, and after the funds on deposit at the time of filing have been paid out. This same application has been made in a Chapter X proceeding. 11 U.S. C.A. §§ 501 et seq. See In re Hotel Martin Co. of Utica, 2 Cir., 1936, 83 F.2d 231; and In re Mauch Chunk Brewing Co., 3 Cir., 1942, 131 F.2d 48, 143 A.L.R. 451.

We think the rule is the same in Chapter XI proceedings. A bank under the circumstances here has the right of set-off. It may or may not exercise the right. It is not self-executing. Here it did not, and the right was lost after those funds on deposit at the time of filing were paid out. The right does not run to funds later deposited. See generally 4 Collier on Bankruptcy, pp. 788, 791; 792-6; and Lowden v. Northwestern National Bank & Trust Co., 8 Cir., 1936, 84 F.2d 847.

Having waived its right, the position of the bank as a creditor was no different from that of the other creditors involved, and the turn-over order to restore equality among them was proper.

The judgment appealed from is Affirmed.