In re Jennie Elizabeth WILLIAMS.

No. B-75-3669-A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 18, 1976.

Edward L. Baety, Atlanta, Ga., for debtor.

W. Terence Walsh, Atlanta, Ga., for appellee, C & S Nat'l Bank.

J. Sam Plowden, for trustee.

### ORDER

HENDERSON, District Judge.

This is an appeal from the January 29, 1976 order of the bankruptcy judge holding the appellant, Citizens & Southern National Bank (hereinafter referred to as "C & S"), in contempt of court.

At the time the debtor filed her petition under Chapter XIII of the bankruptcy act, 11 U.S.C. §§ 1001, *et seq.*, she had a balance of nearly $245.00 in her checking account with C & S. She also possessed a C & S credit card with a balance due and payable of $576.24. Upon receipt of notice by the bankruptcy court that a petition had been filed, C & S credited the balance of $244.90 against the outstanding debt on the credit

card. C & S refused to restore the appropriated monies to the account and was adjudged in contempt of court shortly thereafter.

The bankruptcy judge based his decision on Rule 13–401 of the bankruptcy rules, which provides for an automatic stay of any action against the debtor or his property upon the filing of a Chapter XIII petition and on his supplementary order prohibiting any act, including seizure, against the debtor. The contempt order required C & S to establish a separate fund of $244.90 against which the debtor would have an absolute right of withdrawal when the January 29th order of contempt became final.

Chapter XIII is a specialized division of the bankruptcy act which contemplates the satisfaction of outstanding debts by payment from future wages and salaries. Except where inconsistent, the substantive provisions of Chapters I through VII, "straight bankruptcy," also govern Chapter XIII proceedings. 11 U.S.C. § 1002. Among these transferred provisions is Section 68(a), 11 U.S.C. § 108(a), which states that

> [i]n all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

It was by virtue of this section that C & S closed the debtor's checking account. *Cf. In re Foutz*, 271 F.Supp. 847 (W.D.Va.1967).

The bankruptcy rules govern court procedure. They were promulgated by the United States Supreme Court but cannot "abridge, enlarge, or modify any substantive right" recognized in the bankruptcy act. 28 U.S.C. § 2075. Rule 13–401 is applicable to Chapter XIII proceedings.

> A petition . . . shall operate as a stay of the commencement or continua-

tion of any action against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of rehabilitation of the debtor or the liquidation of his estate.

C & S contends that this rule cannot affect the substantive right of set-off afforded by Section 68 and, consequently, does not support the January 29th order.

■ The right of set-off applies to proceedings under the bankruptcy act, with the general exception of railroad reorganization cases,[1] but may be denied in exceptional instances where its exercise would be contrary to equitable policies. See 4 *Collier on Bankruptcy*, ¶ 68.02[1]. It extends to any general deposit of the debtor accepted in good faith and in the regular course of business, see *McKee v. Hood*, 312 F.2d 394 (5th Cir. 1963), but only to funds on deposit at the time of bankruptcy or the filing of the petition. See *First Nat'l Bank v. Davis*, 317 F.2d 770 (5th Cir. 1963).

In *Preferred Surfacing, Inc. v. Gwinnett Banking & Trust Co.*, 400 F.Supp. 280 (N.D. Ga.1975), the court upheld a prohibition against unrestrained set-off in a Chapter XI proceeding. The bank in that case held a note of the debtor which provided for collateral in the form of all deposits and accounts in the bank. But, far from prohibiting a set-off in all cases, the court merely approved the bankruptcy judge's discretion in postponing enjoyment of this prerogative. Its result is compelling and, for different reasons, this court agrees.

*Preferred Surfacing* held that Rule 11–44, the applicable automatic stay provision and the counterpart to Rule 13–401, applies because the security agreement in the note constituted a "lien against [the debtor's] property." See Advisory Committee Notes, Bankruptcy Rule 11–44. A similar provi-

---

1. Set-off is not allowed in railroad reorganization cases because it is contrary to the general policy of rehabilitation. See *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974); cf. In re Penn Central Trans. Co., 453 F.2d 520 (3rd Cir. 1972). At least one writer distinguishes these cases on the strong public interest factor involved in an industry-wide reorganization. Justman, Comments on the Bank's Right of Setoff under the Proposed Bankruptcy Act of 1973, 31 Bus.Law 1607 (1976).

sion is contained in the checking account signature card signed by the debtor in this case.

■■■ The right to set-off, often referred to loosely as a lien, see, e. g., *W. C. Caye & Co. v. Milledgeville Banking Co.*, 91 Ga.App. 664, 86 S.E.2d 717 (1955), is in reality an equitable doctrine independent of any lien theory.[2] See 4 Collier, ¶ 68.16[1]; *cf. Clark v. Manufacturers Trust Co.*, 169 F.2d 932 (2nd Cir. 1948), *modified sub nom.*, 338 U.S. 241, 70 S.Ct. 4, 94 L.Ed. 31 (1949); *Davenport v. State Banking Co.*, 126 Ga. 136, 54 S.E. 977 (1906); 3 *Encyc. Ga. Law, Banks & Banking*, §§ 177, 179. Although the signature card purported to create a security interest in favor of C & S, in this case the bank's action was squarely within the recognized bounds of set-off and its nature was not changed into a lien simply by words to this effect.[3] Consequently, Rule 13–401 which would arguably apply in this context only to the attempted enforcement of a lien, is ineffective to bar C & S from exercising its right of set-off.

There still remains the question, however, of whether the bank violated a lawful restraining order of the bankruptcy judge, prohibiting all parties from

the prosecution of foreclosing actions, suits, seizures and legal actions of every kind, against the debtor and including the prosecution of garnishment proceedings, and from harassment of said debtor and from contacting the employer of said debtor with respect to any debts except by special order of this Court.

■■■ Unlike "straight bankruptcy," where jurisdiction embraces only property within its actual or constructive possession, see 2 Collier, ¶ 23.05[1], a Chapter XIII court's power is founded on ownership by the debtor. Although the ownership of general banking deposits passes to the bank, the depositor, in return, acquires a chose in action for the amount of the deposit. This debt is property within the meaning of Chapter XIII, see 11 U.S.C. §§ 1006(4), 1(14); *cf. Baker v. Gold Seal Liquors, Inc., supra* 417 U.S. at 471, 94 S.Ct. 2504, n. 7; 2 Collier, ¶ 23.05[4], and subject to the control of the bankruptcy judge.

■■■ The effect of a Section 68 set-off is to eliminate the debt and, thus, the debtor's property. Given the pervasive control of the court over Chapter XIII property and its inherent authority to direct the course of proceedings before it, see 11 U.S.C. § 11(15), (16); 1 Collier, ¶ 2.61[1], the mere postponement of set-off by the bankruptcy judge was within his discretion.[4]

■■■ Section 68 makes no reference to the time set-off is effective. The right is lost if it is postponed beyond the time the debt subject to set-off is asserted. See 4 Collier, ¶ 63.07. In this context, that point arrives when the debtor makes a demand upon his bank deposits.

■■■ Upholding the bankruptcy judge's discretion to defer a set-off does not constitute a blanket approval of his order in this case. On the contrary, he did not have the power to require that C & S establish a separate trust account on which the debtor would eventually obtain an absolute right of withdrawal. There is no statutory or case authority for the total elimination of the Section 68 prerogative, which is the result of the January 29th order.[5]

---

**2.** The unique nature of set-off was recognized by the drafters of the Uniform Commercial Code which, in Section 9–104(i), exempts it from the scope of Article IX. See Advisory Committee Notes, UCC § 9–104.

**3.** The signature card, however, extends the bank's rights beyond the traditional parameters of set-off. A different question would have been presented if the right asserted by C & S existed solely by virtue of this contractual agreement. See generally *American Bank & Trust Co. v. Morris*, 16 F.2d 845 (2nd Cir. 1927).

**4.** In exceptional circumstances the court may deny altogether the right of set-off. See *Cumberland Glass Mfg. Co. v. DeWitt*, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042 (1915). Such action would be rare, however, and subject to review by the district court for abuse of discretion.

**5.** Recognition of set-off does not undermine the policy of rehabilitation in Chapter XIII. A guarantee of this right after a Chapter XIII petition is filed will lessen the danger of its premature assertion at the first sign that the debtor is in financial difficulty. This assurance

Accordingly, the January 29th order of the bankruptcy judge is reversed to the extent that it permits the debtor to draw upon the special trust fund. The debtor and the trustee are enjoined from withdrawing monies from the fund except upon further order of the bankruptcy judge consistent with the terms of this order.[6] In all other respects, the order is affirmed.

So ordered this the 18 day of May, 1976.

will also forestall the bank's attempt to force the debtor into "straight bankruptcy," where the right of set-off is liberally applied. See 31 Bus.Law 1607 (1976).

6. The adjudication of contempt against C & S will not be disturbed. There is no reason for noncompliance with an injunction because the court's perception of the law may have been incorrect. See *Ford v. Kammerer*, 450 F.2d 279 (3rd Cir. 1971).