**In re Robert E. SAMUELS, Ruth E. Samuels, Debtors.**

**YORK TRACKTOWN EMPLOYEES' CREDIT UNION, Plaintiff,**

v.

**John W. THOMPSON, Jr., Esquire, Trustee for the Estate of Robert E. Samuels and Ruth E. Samuels and Robert E. Samuels and Ruth E. Samuels, Individually, Defendants.**

Bankruptcy No. 1–82–00577.
Adv. No. 1–82–0563.

United States Bankruptcy Court,
M.D. Pennsylvania.

July 6, 1983.

complaint to modify the automatic stay was filed by York Tracktown Employees' Credit Union (Credit Union) on September 24, 1982. The debtors filed a response to the complaint and in turn the Credit Union filed a reply to the debtors' new matter. We held a pre-trial on October 22, 1982, at which time the parties agreed to stipulate to the facts and that the case should be decided on briefs. The issue is whether the Credit Union should be granted relief from the automatic stay so that it can effectuate a setoff.

## FINDINGS OF FACT

1. The debtors have indebtedness owing to the Credit Union in the amount of $2530.22.

2. On the date the debtors filed their petition in bankruptcy the deposit in their share account (savings account) with the Credit Union existed in the sum of $386.32.

3. On August 2, 1982 in the postpetition era, the debtors withdrew money in their share account leaving a balance of $29.31 after withdrawing $750.00.

4. On September 1, 1982 in the postpetition era, debtors withdrew $375.00 which brought the account balance down to $5.52.

5. The Credit Union refused to allow the debtors to make further withdrawals below the amount of $386.32 after September 1, 1982, and thus that amount remains in the account.

## DISCUSSION

The Credit Union would have us setoff the amount of $386.32 as part of the mutual debt owing between it and the debtors. Although the Credit Union admits to having disbursed funds to the debtors in the postpetition era, it denies that those disbursements result in a waiver of its right to setoff. Because mutual debts existed at the time the petition was filed, the postpetition reductions in the debtors' share account are irrelevant, so long as a balance of $386.32 exists to be setoff, even if that balance represents postpetition deposits, according to the argument of the Credit Union.

John W. Thompson, Jr., pro se.

John M. Hume, Harrisburg, Pa., for defendants.

Robert A. Lerman, York, Pa., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT J. WOODSIDE, Bankruptcy Judge.

On June 22, 1982, the debtors filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. An application and

■ Section 553(a) of the Bankruptcy Code provides in pertinent part as follows:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

11 U.S.C. § 553(a)(1978). Mutuality of a debt is a prerequisite to the existence of a right to setoff. *In re All-Brite Sign Service Co.,* 4 Colliers Bankr.Cas.2d (MB) 711, 11 B.R. 409 (W.D.Ky.1981).

■ Mutuality of debt existed at the time the debtors filed their petition in bankruptcy. At that time, debtors owed $2,523.00 to the Credit Union and the Credit Union owed $386.32 to the debtors which was the amount in their savings account. However, in the postpetition era, the debtors made deposits and withdrawals from the savings account. The first postpetition withdrawal was for $750 on August 2, 1982, and left a balance in the savings account of only $29.31. On September 1, 1982, the debtors withdrew $375.00 leaving a balance of $5.52. Deposits were subsequently made and when the debtors attempted another withdrawal the Credit Union refused except to the extent that the savings account had funds in excess of $386.32.

The mutuality of debt no longer exists because the fund was reduced to a low of $5.52. The $386.32 which is now in the savings account comes from postpetition deposits. Having allowed postpetition withdrawals, which on one occasion reduced the savings account to as little as $5.52, the Credit Union cannot create the prerequisite mutuality of debts by withholding postpetition deposits. *See In re Princes Baking Corp.,* 2 Colliers Bankr.Cas.2d (MB) 1071, 1077, 5 B.R. 587 (S.D.Cal.1980). "The filing of the petition marks the time at which mutuality ceases; and any money thereafter deposited is considered property of the debtor or his estate." *In re All-Brite Sign*

*Services Co., Inc.,* 4 Colliers Bankr.Cas.2d (NB) 711, 715, 11 B.R. 409 (W.D.Ky.1981).

We do think that the rule should be that the right of setoff is only lost to the extent of the lowest balance of the account when postpetition withdrawals are made. In this particular case the savings account lowest postpetition balance was $5.52 so the credit union should be entitled to a setoff in that amount. An appropriate order will be entered.