Clifford E. WILLIS, Plaintiff-Appellant,

v.

GLADDING CORPORATION, Defendant-Appellee.

No. 77–2567
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1978.

---

* Rule 18, 5 Cir.; *see Isbeil Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Larry A. Karns, Miami, Fla., for plaintiff-appellant.

M. Lewis Hall, Jr., Miami, Fla., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

In this case the district court dismissed a damage suit brought against defendant Gladding Corporation upon learning that Gladding had filed a Chapter XI petition under the Bankruptcy Act. The district court should have stayed the suit rather than dismissing it. We vacate and remand.

Clifford E. Willis filed this diversity action against Gladding in a Florida district court, seeking damages for Gladding's alleged breach of an employment contract. While the suit was pending, Gladding filed in a Massachusetts federal court a petition for an arrangement under Chapter XI of the Bankruptcy Act.

The bankruptcy petition acted to automatically stay the Florida court proceeding against the debtor. Further, on Gladding's application, the Massachusetts bankruptcy court entered a general restraining order prohibiting the institution or continuation of any proceeding against the debtor or its property. Gladding then filed in the Florida court a "Suggestion of Bankruptcy," which stated that Gladding had filed a Chapter XI petition and that under Rule 11–44(a) of the Rules of Bankruptcy Procedure the petition operated as an automatic stay of Willis' action.

Upon its own motion and without a hearing, the Florida district court, with no apparent reason, dismissed the action without prejudice to refile at the conclusion of the Chapter XI proceedings.

Rule 11–44(a) provides that a petition filed under Chapter XI "shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property . . . ." The automatic impact of the rule protects the debtor against harassment and possible frustration of his rehabilitation by prejudicial dismemberment and disposition of his assets before the necessary steps can be taken to obtain court-ordered injunctive relief. *Preferred Surfacing, Inc. v. Gwinnett Bank & Trust Co.*, 400 F.Supp. 280 (N.D.Ga.1975); 14 Collier on Bankruptcy ¶ 11–44.02 at 11–44–6 (14th ed. 1976).

Dismissal of a foreign suit is not necessary to protect the debtor from harassment and adverse disposition of his property. A stay, backed by the bankruptcy court's contempt power, is adequate. *See Preferred Surfacing, Inc. v. Gwinnett Bank & Trust Co.*, 400 F.Supp. 280 (N.D.Ga.1975).

This Court recently held that a defendant is not entitled to dismissal of a foreign suit, even though filed subsequent to the debtor's filing of a Chapter XI petition, "since the equivalent protection would be afforded by the automatic stay." *Baum v. Anderson*, 541 F.2d 1166, 1170 (5th Cir. 1976), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1553, 51 L.Ed.2d 776 (1977).

In *Piel v. Harvard Interiors Manufacturing Co.*, 490 F.2d 1272 (8th Cir. 1974), the Eighth Circuit held it to be reversible error for a district court to dismiss a damage action against a defendant merely because the defendant was involved in a Chapter XI Bankruptcy proceeding. As that court observed: "To require plaintiff to commence its suit anew at a later date could result in possible prejudice." *Id.* at 1273; *cf. First*

*Wisconsin National Bank v. Grandlich Development Corp.*, 565 F.2d 879, 880 (5th Cir. 1977) (plaintiff did not appeal a similar dismissal by the district court).

Thus it is with this case. Willis' suit had been pending for more than a year before being dismissed by the district court. Extensive discovery had taken place, a summary judgment motion had been filed and ruled upon, and a pretrial stipulation had been entered into by the parties. Dismissal of the action at this advanced stage could result in an expensive and time-consuming duplication of pretrial proceedings.

Despite 11 U.S.C.A. § 791, which suspends the running of all statutes of limitations affecting claims provable under Chapter XI during the pendency of the Chapter XI proceeding, dismissal of the action might raise statute of limitations questions which would be inapplicable if the action remained pending.

Finally, dismissal would nullify the time and money expended by Willis to ready this action for immediate trial and relegate Willis to the same position as those creditors who have made no effort to pursue judgments against Gladding.

Willis is entitled to maintain his place on the district court calendar subject only to the stay permitted by statute. The district court erred in dismissing rather than staying the action pending against Gladding. The dismissal is vacated and the case is remanded, subject to suspension pending the bankruptcy court's stay.

VACATED AND REMANDED.