UNITED MERCHANTS AND MANUFACTURERS, INC., also d/b/a United Factors, Division of United Merchants and Manufacturers

v.

Murray A. GOLDENBERG and Rose Laurie, jointly and severally.

No. CA3–77–240–F.

United States District Court,
N. D. Texas,
Dallas Division.

March 22, 1978.

A. L. Vickers, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, Tex., for plaintiff.

Warren E. Zimmerman, Zimmerman & Zimmerman, Harvey Rosenberg, Dallas, Tex., for defendant.

ROBERT W. PORTER, District Judge.

Plaintiff corporation in this case has filed and sought relief under the provisions of Chapter XI of the Bankruptcy Act in the United States District Court for the Southern District of New York, and has notified this Court that all proceedings involving the Plaintiff have been stayed under Rule 11–44 of the Bankruptcy Rules.[1] The Court has recently adopted rules of procedure to be followed when either a Plaintiff or Defendant is involved in bankruptcy proceedings. *Jordan v. Independent Energy Corporation*, 446 F.Supp. 516, fn. 6 (N.D.Tex. 1978). Plaintiff should comply with these new rules within twenty days of the entry of this order by sending the Court the requested information.

When a debtor files a petition in bankruptcy under the provisions of Chapter XI, the filing of the petition operates as an automatic stay of the "commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding . . ." Bankruptcy Rule 11–44(a).[2]

1. Rule 11–44 provides:

   *Rule 11–44*: "*Petition as Automatic Stay of Actions Against Debtor and Lien Enforcement. (a) Stay of Actions and Lien Enforcement.* A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter 10 of this Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate."

2. The bankruptcy act contains other stay provisions similar to Rule 11–44:

   *Rule 401*: "*Petition as Automatic Stay of Certain Actions on Unsecured Debts. (a) Stay of Actions.* The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of § 17a of this Act." Bankruptcy Rule 401(a).

   *Rule 601*: "*Petition as Automatic Stay Against Lien Enforcement. (a) Stay Against Lien Enforcement.* The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings." Bankruptcy Rule 601(a).

   *Rule 10–601*: "*Petition as Automatic Stay of Actions Against Debtor and Lien Enforcement. (a) Stay of Actions and Lien Enforcement.* A petition filed under Rule 10–104 or 10–105 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against it, or of any act or the commencement or continuation of any court proceeding to enforce any lien against its property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of its estate." Bankruptcy Rule 10–601(a).

   *Rule 12–43*: "*Petition as Automatic Stay of Actions Against Debtor and Lien Enforcement. (a) Stay of Actions and Lien Enforce-*

Violation of the automatic stay may support contempt proceedings under the provisions of Bankruptcy Rule 920 which is applicable in Chapter XI proceedings. Bankruptcy Rule 11–63. Bankruptcy Rule 920 provides that a referee in bankruptcy may hold a person in contempt if, after notice and hearing, the referee determines that the person has committed one of the acts specified in § 41(a) of the Bankruptcy Act. The referee cannot order imprisonment, but may impose a maximum $250.00 fine. Bankruptcy Rule 920(a)(3). A bankruptcy judge may certify a contempt matter to a Federal District Judge, and if the District Court finds a violation of the stay, the District Court may impose more severe sanctions. Bankruptcy Rule 920(a)(4); *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, (2nd Cir. 1976). The violations which occur in proceedings before a Federal District Judge, however, will proceed as would any other contempt proceeding in the District Court. Bankruptcy Rule 920(b). A violation of an automatic stay does fall under one of the acts enumerated in § 41(a). *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, (2nd Cir. 1976); *But see* 14 Collier on Bankruptcy ¶ 11–44.02(4). Section 2(a)(13) of the Bankruptcy Act, 11 U.S.C. § 11(a)(13) also allows the Bankruptcy Court to "enforce obedience by persons to all lawful orders, by fine or imprisonment or fine and imprisonment" and if there was a knowing violation of the automatic stay, a Bankruptcy Court could institute contempt proceedings under this provision of the Act. *Preferred Surfacing, Inc. v. Gwinnett Bank & Trust Co.*, 400 F.Supp. 280 (N.D.Ga.1975).

A district court may not summarily dismiss an action when it receives notification that a party filed a Chapter XI Bankruptcy petition. *Willis v. Gladding Corp.*, 567 F.2d 630 (5th Cir. 1978). Dismissal of the suit may result in possible prejudice to the bankrupt party even though the statutes of limitations affecting provable claims are suspended during the pendency of a Chapter XI proceeding. *Piel v. Harvard Interiors Mfg. Co.*, 490 F.2d 1272 (8th Cir. 1974); 11 U.S.C. § 791. If the Court dismissed a claim that was subsequently determined by the Bankruptcy Court to be non-provable or non-dischargeable in bankruptcy, the statute of limitations would not be tolled during the pendency of the Chapter XI proceeding (as 11 U.S.C. § 791 tolls only provable debts) and the non-bankrupt party to the suit might be barred by the statute of limitations from filing a new lawsuit.

The automatic Rule 11–44 stay will continue in effect until: (1) the bankruptcy case is closed, Bankruptcy Rule 11–44; (2) the bankruptcy case is dismissed, Bankruptcy Act §§ 376, 377, Bankruptcy Rules 11–42, 11–44; (3) the case is converted to straight bankruptcy, Bankruptcy Act §§ 376, 377, Bankruptcy Rules 11–42, 11–44 (at which time the automatic stay provisions of Rule 401 and Rule 601 would apply); or (4) the property subject to a lien is abandoned with court approval [though it is unclear that the automatic stay is lifted upon abandonment as an attempt by a secured creditor to enforce his lien would be enforcing a lien "against" the debtor's property in apparent violation of Rule 11–44(a)]. 14 Collier on Bankruptcy, ¶ 11–44.03; Bankruptcy Rule 11–44(b). A Rule 11–44 stay is annulled except with respect to lien enforcement, at

ment. A petition filed under Rule 12–6 or 12–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate." Bankruptcy Rule 12–43(a).
*Rule 13–401 : "Petition as Automatic Stay of Actions Against Debtor and of Lien Enforce-*

ment. *(a) Stay of Actions and Lien Enforcement.* A petition filed under Rule 13–103 or Rule 13–104 shall operate as a stay of the commencement or continuation of any action against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of rehabilitation of the debtor or the liquidation of his estate." Bankruptcy Rule 13–401(a).

the end of thirty days after the date set for the first meeting of creditors as to those creditors whose claims are not scheduled by that time. The stay may be reinstated by the debtor under Rule 11–44(f). Bankruptcy Rule 11–44(c). The Bankruptcy Court may also terminate or modify Rule 11–44 upon a showing of good cause. Rule 11–44(d).[3]

The confirmation and completion of a Chapter XI arrangement shall discharge a debtor from all of his unsecured debts and liabilities provided for by the arrangement except § 17 debts which are not dischargeable. Bankruptcy Act § 371. Claims which are not provable in bankruptcy would not be discharged, Bankruptcy Act § 17, and any claim not allowable under § 57 of the Bankruptcy Act [and therefore not provable, Bankruptcy Act § 63(d)] would not be discharged. *Jordan v. Independent Energy Corp.*, 446 F.Supp. 522 (N.D.Tex.1978). A similar result occurs in the other Chapters, and in straight bankruptcy. See Bankruptcy Act § 14, § 17, § 57, § 63(d), § 226, § 474, and § 660.

■ When a Plaintiff or Defendant files a petition in bankruptcy the Court will request compliance with this Court's local rules of practice regarding a party in bankruptcy. *Jordan v. Independent Energy*

*Corp., supra.* A Rule 11–44 automatic stay operates only on proceedings "against" the debtor. Bankruptcy Rule 11–44. If the Plaintiff files a Chapter XI petition, the Court may proceed with the case (after substitution of the trustee or debtor in possession) if the trustee or debtor in possession for the Plaintiff indicate a desire to pursue the case. *First Wisconsin National Bank of Milwaukee v. Grandlich Development Corp.*, 565 F.2d 879 (5th Cir. 1978). If the trustee or debtor in possession do not wish to pursue the case, the Court will dismiss the action without prejudice for lack of prosecution if the Defendant has not filed a counter-claim against the Plaintiff.[4]

If the Defendant has filed a counter-claim against the Plaintiff, and a trustee or debtor in possession indicates that it *does* want to pursue the Plaintiff's original complaint in the case, the Court will: (a) substitute the trustee or debtor in possession for the Plaintiff and proceed with the case and; (b) dismiss the Defendant's counter-claim against the Plaintiff subject to reopening if the claim is later determined to be: non-provable, non-dischargeable or not allowable; not affected by a Chapter proceeding; or the bankruptcy stay is modified or terminated by either the Bankruptcy Court or the provisions of the Bankruptcy Act and Rules to permit the case to proceed.[5]

---

**3.** A similar set of alternatives occurs when a Chapter X, Chapter XII, or Chapter XIII petition is filed by one of the parties, though a Chapter X proceeding may also be converted to a Chapter XI proceeding. See Bankruptcy Act §§ 236, 237, Bankruptcy Rules 10–113, 10–306, 10–308; Bankruptcy Act §§ 481, 482, Bankruptcy Rule 12–41; Bankruptcy Act §§ 666, 667, Bankruptcy Rule 13–215. The automatic stay in straight bankruptcy will continue in effect until: (1) the bankruptcy case is closed; (2) the bankruptcy case is dismissed; or (3) the bankruptcy stay is annulled or the bankruptcy court grants relief from the stay. Some claims may not be stayed in straight bankruptcy. See *Jordan v. Independent Energy Corp.*, 446 F.Supp. 522, fn. 7 (N.D.Tex.1978).

**4.** The other stay provisions in the bankruptcy act contain similar language staying only actions "against" the debtor. *See fn. 2 supra.*

**5.** The Court may issue this type of dismissal order under the provisions of Rule 60(b)(6) of the Federal Rules of Civil Procedure. This rule

provides that the Court may relieve a party or its legal representative from a final judgment for any reason justifying relief from the operation of the judgment upon motion to the Court. The motion must be made within a reasonable time, and for purposes of the dismissal orders outlined in this opinion, the Court believes that the complaining party should move this Court to reopen a case under the grounds set forth in the Court's order within a reasonable time after the occurrence of one of the events specified in the Court's dismissal order.

The orders of dismissal suggested in this opinion do not affect the statute of limitations or result in expensive and time consuming duplication of pretrial proceedings. The cases are rather held in abeyance pending termination of bankruptcy proceedings, but the Court has placed upon the parties the duty of keeping informed about the progress of the bankruptcy proceedings. This relieves the Court from the burden of having to periodically determine the status of some 20 to 30 cases on the Court's docket involving bankrupt parties and whether

If the Defendant has filed a counter-claim against the Plaintiff and the trustee or debtor in possession indicates it *does not* want to pursue the Plaintiff's original complaint in the case, the Court will: (a) dismiss the Plaintiff's case without prejudice for lack of prosecution and; (b) dismiss the Defendant's counter-claim against the Plaintiff subject to reopening if the claim is later determined to be: non-provable, non-dischargeable or not allowable; not affected by a Chapter proceeding; or the bankruptcy stay is modified or terminated by either the Bankruptcy Court or the provisions of the Bankruptcy Act and Rules to permit the case to proceed.[6]

If the Defendant has filed a Chapter XI petition and no counter-claim has been filed by the Defendant, then the Court will dismiss the Plaintiff's case against the Defendant subject to reopening if the claim is later determined to be: non-provable, non-dischargeable or not allowable; not affected by a Chapter proceeding; or the bankruptcy stay is modified or terminated by either the Bankruptcy Court or the provisions of the Bankruptcy Act and Rules to permit the case to proceed.[7]

If the Defendant has filed a Chapter XI petition and also has a counter-claim against the Plaintiff, and the trustee or debtor in possession indicates that it *does* want to pursue the counter-claim against the Plaintiff, the Court will: (a) dismiss the Plaintiff's case against the Defendant subject to reopening if the claim is later determined to be: non-provable, non-dischargeable or not allowable; not affected by a Chapter proceeding; or the bankruptcy stay is modified or terminated by either the Bankruptcy Court or the provisions of the Bankruptcy Act and Rules to permit the case to proceed, and; (b) proceed with the Defendant's counter-claim against the Plaintiff.[8]

If the Defendant has filed a Chapter XI petition and also a counter-claim against the Plaintiff, and the trustee or debtor in possession indicates it *does not* want to pursue the Defendant's counter-claim in the case, the Court will: (a) dismiss the Plaintiff's case against the Defendant subject to reopening if the claim is later determined to be: non-provable, non-dischargeable or not allowable; not affected by a Chapter proceeding; or the bankruptcy stay is modified or terminated by either the Bankruptcy Court or the provisions of the Bankruptcy Act and Rules to permit the case to proceed, and; (b) dismiss the Defendant's counter-claim without prejudice for lack of prosecution.[9]

In this case the Plaintiff has filed a Chapter XI petition and the Defendant has filed a counter-claim and cross action against the Plaintiff. The action by the Plaintiff against the Defendant is not stayed by Rule 11–44 and the counter-claim by the Defendant may be dismissed subject to reopening. Plaintiff should notify the Court within twenty days of the entry of this order whether the trustee or debtor in possession wishes to proceed with this case, and if it does, that party should be substituted for the Plaintiff as a necessary party to the action within thirty days of the entry of this order. If the trustee has not responded within thirty days the court may consider dismissing Plaintiff's suit against Defendant for lack of prosecution.

It is so ORDERED.

---

the Court can proceed or should proceed with the case.

**6.** *See fn. 5 supra.*

**7.** *See fn. 5 supra.*

**8.** *See fn. 5 supra.*

**9.** *See fn. 5 supra.*