ALLEN GOODMAN, intervener, *vs.* TIMOTHY J. SHEEHAN & another (and a companion case). September 29, 1978. These are petitions for the issuance of new certificates of title to two parcels of land (the locus), registered title to which is in the respondent Timothy J. Sheehan. The petitioner, who holds a third mortgage on the locus, was the purchaser at a foreclosure sale conducted on July 22, 1974, by the second mortgagees of the locus. The intervener Allen Goodman (intervener) has attached the petitioner's interest in the locus in connection with an action to collect certain legal fees from her. The trial judge denied the petitions and ordered the issuance of new certificates of title (subject to the three mortgages) to 321 Habitat Corporation (Habitat), to which Sheehan's trustee in bankruptcy had sold the locus in July, 1973, and which filed a Chapter XI bankruptcy petition on July 18, 1974. Only the intervener appeals. (The petitioner apparently reached a settlement with Sheehan and Habitat prior to trial.) 1. The judge properly refused to order the issuance of new certificates of title to the petitioner. Pursuant to Rule 11-44(a) of the Rules of Bankruptcy Procedure, 415 U.S. 1033 (1974), which took effect on July 1, 1974, and was "applicable to proceedings then pending" (415 U.S. 1005 [1974]), the July 18, 1974, filing of a Chapter XI bankruptcy petition by Habitat "operate[d] as a stay of the . . . continuation of" the second mortgagees' foreclosure proceedings (*Baum* v. *Anderson*, 541 F.2d 1166, 1169-1170 [5th Cir. 1976], cert. denied, 430 U.S. 932 [1977]; *Fidelity Mortgage Investors* v. *Camelia Builders, Inc.*, 550 F.2d 47, 51 [2d Cir. 1976], cert. denied, 429 U.S. 1093 [1977]; *Willis* v. *Gladding Corp.*, 567 F.2d 630, 631 [5th Cir. 1978]), with the result that the subsequent foreclosure sale was ineffectual (1 Collier, Bankruptcy par. 2.26[2], at 336-337 [14th ed. 1976]; 8 Collier, Bankruptcy par. 3.20[3], at 235 n.17 [14th ed. 1978]); in addition the filing of the Chapter XI petition operated "as a stay of the commencement" of the petitions for new certificates of title. 8 Collier, Bankruptcy par. 3.22[1], at 261. 14 Collier, Bankruptcy par. 11-44.02 [14th ed. 1976]. Contrast *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 70-72 (1933), and *Mason* v. *Wylde*, 308 Mass. 268, 277-279, cert. denied, 314 U.S. 638 (1941), neither of which involved automatic stay provisions of the kind here involved. The issue of the effect of Habitat's bankruptcy petition being jurisdictional (*Fidelity Mortgage Investors* v. *Camelia Builders Inc.*, 550 F.2d at 53), there was no necessity for Habitat or its receiver to raise that issue

by any form of defensive pleading to the petitions for new certificates of title (although Habitat's receiver in fact did so in its answer to one of the petitions). *Bergeron* v. *Bergeron,* 287 Mass. 524, 526 (1934), and cases cited. *Commissioner of Corps. & Taxn.* v. *Chilton Club,* 318 Mass. 285, 287 (1945). See *Piel* v. *Harvard Interiors Mfg. Co.,* 490 F.2d 1272, 1272 (8th Cir. 1974). It follows that there is no merit to the intervener's argument that the evidence concerning Habitat's bankruptcy petition should have been excluded as immaterial. The intervener's remaining evidentiary contentions need not be considered since a ruling that the automatic stay provisions of rule 11-44(a) were applicable was required by the uncontradicted evidence, elicited by the trial judge without objection, that Habitat had purchased the locus in 1973 (see *Charlestown Sav. Bank* v. *Martin,* 516 F.2d 154, 160-161 [1975]; *Fidelity Mortgage Investors* v. *Camelia Builders, Inc.,* 550 F.2d at 54; and 8 Collier, Bankruptcy par. 3.02), together with the evidence that it had filed a Chapter XI bankruptcy petition in July, 1974, four days before the foreclosure sale. The intervener makes no assertion that the Bankruptcy Court ever authorized the foreclosure sale pursuant to any of paragraphs d through f of rule 11-44 of the Rules of Bankruptcy Procedure, 415 U.S. 1034-1035 (1974). See 14 Collier, Bankruptcy pars. 11-44.05 & 11-44.06. 2. The judge erred in ordering that new certificates of title issue to Habitat. Habitat's receiver being a respondent rather than the petitioner, the issue of Habitat's right to new certificates of title could not arise on the present petitions, nor could the petitions be amended so as to make Habitat's receiver a petitioner. *Foss* v. *Atkins,* 201 Mass. 158, 162-163 (1909), *S.C.* 204 Mass. 337, 339 (1910). *Hopkins* v. *Holcombe,* 308 Mass. 54, 56-57 (1941). The respondents' reliance on Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974), as authorizing the judge's order is misplaced; the rules of civil procedure are not applicable to the present cases since the petitions are not actions "within the Land Court's concurrent jurisdiction as set forth in G. L. c. 185, § 1(k)-(n)." Mass.R.Civ.P. 1, 365 Mass. 730-731 (1974). In addition, it does not appear from the record that Sheehan's duplicate certificates of title have been presented to the assistant recorder as required by G. L. c. 185, § 64. *Malaguti* v. *Rosen,* 262 Mass. 555, 563 (1928). We observe also that the judge's order that new certificates of title issue was not necessary in order to "place [the petitioner] back in the same position she was in before the [foreclosure] sale." The decision of the Land Court is to be modified in accordance with this opinion and, as so modified, is affirmed.

*So ordered.*

*John C. Ottenberg,* for Allen Goodman, intervener.

*Timothy J. Sheehan, Jr.,* pro se (*Richard H. Hughes,* for Sally C. Hughes, with him)