Dave JONES, Petitioner,

v.

Dr. James K. RITTERBUSCH,
Respondent.

No. 82–0654–CV–W–3.

United States District Court,
W. D. Missouri, W. D.

Sept. 16, 1982.

Dave Jones, pro se.

## ORDER

ELMO B. HUNTER, District Judge.

Dave Jones ("petitioner"), proceeding *pro se,* has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976) seeking his release from the Fulton State Hospital in Fulton, Missouri. In addition, petitioner seeks leave to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915 (1976) and has tendered an affidavit of poverty in support thereof.

Leave to proceed in *forma pauperis* will be granted if the petitioner's affidavit of poverty shows he cannot because of his financial status pay the filing fee in this action or give security for costs. *In re Smith,* 600 F.2d 714 (8th Cir. 1979). This petitioner's affidavit indicates he has not been employed for over two years and that

there is no money whatsoever in his institutional account. Accordingly, petitioner's affidavit sufficiently shows his impecunity and he will be granted leave to proceed in *forma pauperis.*

The petitioner is admonished that being granted leave to proceed as a pauper does not give him a free reign in the prosecution of his cause. If, at any stage in these proceedings, including the present, the Court becomes satisfied that petitioner's cause is frivolous within the meaning of 28 U.S.C. § 1915(d), he will not be allowed to proceed further at the public's expense and his case will be dismissed.

In this habeas matter, petitioner is seeking his release from the Fulton State Hospital. From petitioner's pleadings, it appears he was committed to that institution in July, 1981 upon a finding of not guilty by reason of insanity to the charge of attempted robbery entered in the Circuit Court of St. Louis City. In support of issuance of the writ, petitioner contends he is and always has been of sound mind.

■ In any federal habeas matter where a person in custody pursuant to an order of a state court seeks release from that custody, he must first present his claims to the state's trial and appellate courts. 28 U.S.C. § 2254(b) and (c). Until the petitioner has done so, he cannot be accorded relief because his state remedies have not been exhausted. In the present matter, the petitioner readily admits that his claims for release have not been presented to any of the Missouri state courts. Accordingly, this petition must be denied for want of exhaustion of state remedies and this case dismissed as frivolous. In so doing, however, this Court feels obliged to advise the petitioner on how to initiate review of his commitment in the state court system and effectuate exhaustion of his state remedies.

■ Pursuant to Mo.Rev.Stat. § 552.040 (Supp.1981), a person committed to the custody of the director of the department of mental health pursuant to a finding of not guilty by reason of insanity on a criminal charge may file an application in the court where he was tried seeking an order releasing him. The petitioner may, in conjunction with his application, request appointment of counsel to represent him pursuant to Mo.Rev.Stat. § 600.071(3) (Supp.1981).

■ If the petitioner's application for release is objected to, the Court will hold a hearing to determine whether the petitioner does not have, and in the future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law.

If the court denies the petitioner's application, to exhaust his state remedies he must appeal therefrom to the St. Louis Division of the Missouri Court of Appeals. If that appellate court also denies petitioner relief, he must move the court for rehearing or transfer of his appeal to the Missouri Supreme Court. Mo.R.Civ.P. 83.02. If that motion is also denied, the petitioner must then make application to the Missouri Supreme Court itself for transfer of his appeal to that court. Mo.R.Civ.P. 83.03. Once petitioner's application has been ruled upon by the Missouri Supreme Court, he will have exhausted his state remedies. If he has not been accorded the relief sought, he may then petition this Court for issuance of a writ of habeas corpus.

Accordingly, it is

ORDERED (1) that leave to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915 (1976) is hereby granted. It is further

ORDERED (2) that petitioner's petition for a writ of habeas corpus is denied without prejudice for want of exhaustion. It is further

ORDERED (3) that this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).