CHUBB PACIFIC INDEMNITY GROUP, CONTINENTAL CASUALTY COMPANY, FIREMANS FUND INSURANCE COMPANIES, OLD RELIABLE FIRE INSURANCE COMPANY, ROYAL GLOBE INSURANCE COMPANIES, ZURICH-AMERICAN INSURANCE COMPANIES, AND HARTFORD INSURANCE COMPANY, APPELLANTS, *v.* TWIN LAKES VILLAGE, INC., RESPONDENT.

No. 13034

December 9, 1982                              654 P.2d 530

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* and *Mark C. Scott, Jr.,* Las Vegas, for Appellants.

*Jones, Jones, Bell, Close & Brown, Ltd.,* and *Susan Williams Scann; Jolley, Urga & Wirth,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants filed in district court a complaint for damages against respondent. Respondent thereafter moved to dismiss the complaint on the ground that it was currently involved in Chapter XI bankruptcy proceedings. The district court granted respondent's motion and dismissed appellants' complaint without prejudice. This appeal followed. We reverse.

Appellants contend that the district court erred by dismissing their complaint without prejudice instead of staying their action until the bankruptcy proceedings initiated by respondent had been completed. We agree. Under Rule 11-44(a) of the Federal Rules of Bankruptcy Procedure (FRBP), the filing of a bankruptcy petition operates to stay other proceedings, pending the federal court's determination of the bankruptcy petition.[1] The purpose underlying FRBP 11-44(a) is to protect the debtor so that he may avoid being harassed in more than one court at the same time with regard to the same debt. 1A Collier,

---

[1] FRBP 11-44(a) provides:

(a) Stay of actions and lien enforcement. A petition filed under Rule 11-6 or 11-7 shall operate *as a stay of the commencement or the continuation of any court or other proceeding against the debtor,* or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate. (Emphasis added.)

On Bankruptcy, § 11.02 (14th Ed. 1978). Dismissal of the civil action against the debtor in state court is not necessary, however, to protect the debtor from harassment and adverse disposition of his property. Willis v. Gladding Corp., 567 F.2d 630 (5th Cir. 1978). A stay is adequate. *See also* Knight & Co. v. Fort Belknap Indian Agency, 612 P.2d 1290 (Mont. 1980).

Accordingly, we reverse the district court's judgment dismissing appellants' complaint without prejudice. We remand this matter with instructions to the district court to reinstate appellants' complaint against respondent, subject to the stay pending disposition of the bankruptcy proceedings.