CONTINENTAL INSURANCE COMPANY and HOWARD CHRYSLER, Appellants, v. WILLARD P. HULL and CHARLES JONES, Respondents.

No. 13109

December 15, 1982                    654 P.2d 1024

*Johnson, Pilkington & Reynolds,* Las Vegas, for Appellants.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Michael K. Mansfield,* Las Vegas, for Respondents.

**OPINION**

*Per Curiam:*

This litigation arises from an automobile accident which occurred in Las Vegas, Nevada, on or about July 24, 1976,

involving appellant Howard Chrysler and respondents Willard Hull and Charles Jones. Chrysler was insured by appellant Continental Insurance Company.

Appellants filed their complaint below on June 22, 1978, seeking $1,134.81, plus attorney's fees and costs of suit. Respondents moved to dismiss the complaint under NRS 38.215 and 38.225[1] on the ground that submission of the claim to arbitration was required prior to filing suit. The district court granted the motion. This appeal followed. Appellants contend that the district court erred by dismissing the complaint. We agree.

The only question presented by this appeal is whether dismissal is proper in a case falling within NRS 38.215, when suit is filed before arbitration is sought.

NRS 38.215 expressly states that actions thereunder shall be submitted to arbitration "in accordance with the provisions of NRS 38.015 to 38.205 [the Uniform Arbitration act], inclusive." The Uniform Arbitration Act provides for the situation here presented. Where an issue referable to arbitration is involved in an action or proceeding pending in a court having proper jurisdiction, the court shall stay the action or proceeding and order arbitration on application of a party. NRS 38.045.[2]

---

[1] NRS 38.215(1) provides in pertinent part:

[A]ll civil actions for damages for personal injury, death or property damage arising out of the ownership, maintenance or use of a motor vehicle, where the cause of action arises in the State of Nevada and the amount in issue does not exceed $3,000, shall be submitted to arbitration, in accordance with the provisions of NRS 38.015 to 38.205, inclusive.

NRS 38.225 provides:

No cause of action specified in NRS 38.215 shall be tried until there has been compliance with all the provisions of NRS 38.215 to 38.245, inclusive.

[2] NRS 38.045 provides in pertinent part:

1. On application of a party showing . . . the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. . . .

. . .

3. If an issue referable to arbitration . . . is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection 1, the application shall be made therein. . . .

4. Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section. . . . When the application is made in such action or proceeding, the order for arbitration shall include such stay.

In this case, although appellants were precluded by NRS 38.225 from proceeding to *trial* until after arbitration, the statutes did not preclude appellants from filing their complaint against respondents. Since the filing of the complaint constituted a "refusal to arbitrate" for the purpose of compelling arbitration under NRS 38.045(1), Lane-Tahoe, Inc. v. Kindred Constr. Co., 91 Nev. 385, 389, 536 P.2d 491, 494 (1975), respondents had available to them a prescribed procedure for staying the action and compelling arbitration. NRS 38.045. Had respondents made a proper application, the district court should have stayed the action below and ordered arbitration. The district court should have denied the motion to dismiss the complaint. *Cf.* Chubb Pacific v. Twin Lakes Village, 98 Nev. 521, 654 P.2d 530 (1982), (bankruptcy by defendant may have justified stay, but not dismissal of plaintiff's complaint).

Accordingly, we reverse the district court's order of dismissal and remand with instructions to proceed in accordance with the Uniform Arbitration Act.