Cyril Athana
KOLOCOTRONIS, Appellant,

v.

William HOLCOMB, Superintendent,
Fulton State Hospital, Appellee.

No. 90–1500EM.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 22, 1991.

Decided Feb. 15, 1991.

Cyril Athana Kolocotronis, pro se.

Carol Lewis Iles, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN, ARNOLD, and BEAM, Circuit Judges.

ARNOLD, Circuit Judge.

Cyril Athana Kolocotronis appeals pro se the District Court's order dismissing, without prejudice, his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. We reverse and remand for further proceedings.

On February 11, 1960, Kolocotronis was found not guilty, by reason of insanity, of assault with intent to ravish and was committed to the State Hospital in Fulton, Missouri. On April 29, 1989, he filed this petition for a writ of habeas corpus, claiming the 1960 proceeding was constitutionally defective in that (1) he was coerced into pleading not guilty by reason of insanity by the judge, prosecutor, and his own defense attorney; (2) he was not allowed to represent himself, testify in his own defense, or cross-examine the state's witnesses; (3) the state's expert witness was not qualified to give opinion testimony;[1] and (4) the victim of the assault lied when she testified.

William Holcomb, Superintendent of Fulton State Hospital, moved to dismiss the petition, arguing that Kolocotronis had failed to exhaust the remedies provided by Mo.Rev.Stat. § 552.040 (1986). The statute permits a person acquitted of a crime by reason of insanity to apply for unconditional release to the court that committed him.

The applicant must then prove, by a preponderance of the evidence, that he "does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." *Id.* §552.-040.6. If the application is denied, the confined person may reapply for release in 180 days. *Id.* § 552.040.7.

The magistrate judge recommended dismissing the petition without prejudice, concluding that Kolocotronis failed to exhaust his state remedies by not appealing an October 13, 1988 order denying his application for conditional release. The magistrate noted that Kolocotronis could reapply for release because 180 days had elapsed since the application was denied. The District Court adopted the magistrate's report and recommendation over Kolocotronis's objections. After Kolocotronis filed this appeal, we ordered him to produce evidence indicating that he had exhausted state remedies. Kolocotronis responded by stating that he has applied for release a number of times and has always appealed the denial of his applications, with the exception of the October 13, 1988 order.

To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. *Cyronne-DeVirgin v. Missouri*, 341 F.2d 568, 570–71 (8th Cir.), *cert. denied*, 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 151 (1965). Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court. *Jones v. Ritterbusch*, 548 F.Supp. 89, 90 (W.D.Mo.1982). This process must be completely followed once to exhaust state remedies. Although the statute permits reapplication every 180 days, requiring a confined person to reapply for release continually and appeal every denial would render the state remedy technically inexhaustible and permanently bar a confined person from seeking federal habe-

---

1. This claim is a matter of state law and is not cognizable in a habeas corpus proceeding. *Ur-*

*quhart v. Lockhart*, 726 F.2d 1316, 1318 (8th Cir.1984).

as relief. *See Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059–60, 103 L.Ed.2d 380 (1989).

We hold Kolocotronis has sufficiently alleged exhaustion as a matter of pleading. On remand, defendant may attempt to show Kolocotronis's claims of exhaustion are baseless. We reject defendant's claim that we lack jurisdiction over this appeal because the District Court's order, dismissing the petition without prejudice, was not a final order. *See Piel v. Harvard Interiors Mfg. Co.*, 490 F.2d 1272 (8th Cir.1974) (per curiam) (dismissal without prejudice is final order for purposes of appellate review). Finally, we note that twenty-nine years have passed since the conviction Kolocotronis now seeks to attack. The petition may, therefore, be subject to dismissal as a delayed petition under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Court.

Accordingly, we reverse the District Court's order dismissing Kolocotronis's petition without prejudice, and remand for further proceedings.